AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 0 2018

| | |
|---|---|
| United States of America<br>v.<br>Zamar Hawthorn<br>(DOB: 07/02/1991)<br><br>Defendant(s) | )<br>)<br>)  Case No. 18mj 3540<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _October 21, 2018_ in the county of _Bernalillo_ in the _____ District of _New Mexico_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | possession of a firearm by any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year |

This criminal complaint is based on these facts:

Please see attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Kevin Wolfe - ATF Special Agent
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: _10/30/2018_

_____
Judge's signature

Laura Fashing, U.S. Magistrate Judge
Printed name and title

City and state: _Albuquerque, NM_

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>v.<br><br>ZAMAR HAWTHORN,<br>            Defendant. | Case No. _____ |

### AFFIDAVIT IN SUPPORT A CRIMINAL COMPLAINT FOR THE ARREST OF ZAMAR HAWTHORN

I, Kevin Wolfe, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint authorizing the arrest of Zamar Hawthorn.

2. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since March 3, 2007. In this capacity, I routinely investigate violations of federal criminal statutes, to include violations of federal firearms, narcotics and explosive laws, and has specifically investigated violations related to the unlawful possession of firearms.

3. As a result of my training and experience, I am familiar with and have investigated Federal Firearms Laws including 18 U.S.C. § 922(g)(1) which makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a

1

term exceeding one year to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

4. I have reviewed reports, and conferred with law enforcement agents involved, and I believe the following to be true and accurate.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. On October 21, 2018, Albuquerque Police Officer, J. Montano observed a vehicle traveling eastbound on Indian School Rd and turn northbound onto Carlisle running the red light at the intersection. Officer Montano initiated a traffic stop and pulled the vehicle over on the I-40 westbound on ramp off Carlisle. Officer Montano identified the driver as Zamar Hawthorn.

7. During the traffic stop officer Montano noticed signs of intoxication including the smell of marijuana coming from Hawthorn's person along with bloodshot eyes and the odor of alcohol emitting from Hawthorns facial area. Officer Montano stated that Hawthorn admitted to smoking a small amount of marijuana and drinking a few shots earlier in the evening.

8. Officer Montano stated that Hawthorn agreed to exit the vehicle to perform a field sobriety test. Officer Montano stated that while Hawthorn was exiting the vehicle he noticed a black semi-automatic handgun on the floorboard between Hawthorn's feet. The firearm was secured by assisting officers once Hawthorn exited the vehicle. The firearm was identified as a Smith and Wesson model MP9 Shield, 9mm caliber pistol bearing serial number HMW3953.



Officer Montano stated that Hawthorn performed poorly on the sobriety test and was arrested for DWI. The firearm was checked through NCIC and was confirmed to have been stolen.

9. After being arrested and mirandized Hawthorn admitted that the firearm found in the vehicle belongs to his "Baby's Momma." Hawthorn stated that he did not know where she obtained the firearm from or why it was on the floorboard between his feet, he did state that the firearm was used for family protection. Hawthorn was booked on possession of marijuana and receiving stolen property.

10. On October 24, 2018 I received a computerized criminal history of Zamar Hawthorn confirming that Hawthorn has at least four prior felony convictions

   a. 08/04/2009 for theft by receiving stolen property in Cause number 09CR3903 from the Superior Court of Dekalb County, Ga.

   b. 08/04/2009 for theft by receiving stolen property in Cause number 09CR3749 from the Superior Court of Dekalb County, Ga.

   c. 6/13/2011 for theft by taking tools for the commission of a crime in Cause number 10CR4056 from the Superior Court of Dekalb County, Ga.

   d. 8/5/2013 for possession of a firearm by a felon in Cause number 13-B-02225-10 from the Superior Court of Gwinnett County, Ga.

11. On October 25, 2018 I researched the above listed firearm, and determined that the Smith and Wesson firearm is not manufactured in New Mexico and therefore by being recovered in New Mexico has moved in or affected interstate commerce.

12. Based on the foregoing, there is probable cause to believe that Zamar Hawthorn did violate Title 18 U.S.C. Section 922(g)(1), possession of a firearm by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year.



Respectfully submitted,

_____
Kevin Wolfe
Special Agent
ATF


Subscribed and sworn to before me
on October 30, 2018:

_____
UNITED STATES MAGISTRATE JUDGE